■ In the Matter of VICKIE L. BLACK, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent. [736 NYS2d 149] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Cortland County) to review a determination of respondent which found petitioner guilty of violating Vehicle and Traffic Law § 1180 (e).

---

As a result of a fatal accident in which petitioner rear-ended a school bus at approximately 7:00 A.M. on May 3, 1999, an administrative hearing was conducted pursuant to Vehicle and Traffic Law § 510 to determine whether any action should be taken regarding her driver's license. Following the hearing, her license was suspended for 31 days for failing to reduce her speed in violation of Vehicle and Traffic Law § 1180 (e). On administrative appeal, respondent affirmed the finding that petitioner violated this particular statutory provision but reversed the suspension. Petitioner challenges that determination in this CPLR article 78 proceeding, which has been transferred to this Court (see, CPLR 7804 [g]).

Contrary to petitioner's contention, the determination that she violated Vehicle and Traffic Law § 1180 (e) by failing to sufficiently reduce her speed to avoid hitting the school bus despite adequate time to do so is supported by substantial evidence (see, CPLR 7803 [4]). The record reveals that the accident site was preceded by an S-shaped curve, although the accident itself occurred on a straight portion of the road approximately 50 to 100 yards after the curve. Notably, this stretch of roadway was known by petitioner, who traveled it frequently, to be very bright at that particular time of the morning and, according to her, the day of the accident itself was indeed "a very bright morning." According to an accident report signed by petitioner, she did not see the school bus prior to impact because she was blinded by the sun as she rounded the curve. Although petitioner was unable to remember if she applied her brakes prior to impact, no skid marks were found at the scene. She estimated that she was traveling between 40 and 45 miles per hour just prior to the accident (the speed limit was 55 miles per hour).

An investigation conducted two days after the accident revealed that, consistent with petitioner's testimony, the area of the road in which the accident occurred was affected by an "extreme amount of [sun] glare."* Moreover, the investigating State Trooper estimated that the distance between the exit of the subject curve and the accident scene itself was 50 to 100 yards. According to this Trooper, as he drove over this stretch of the road during his investigation, the position of the sun was such that he was completely unable to see "what was going on with the traffic" up ahead as he came out of the curve and proceeded straight, that is, he could only see that which was directly in front of his vehicle. The Trooper opined that

---

* The investigation was conducted at the same time of the morning as when the accident occurred.

petitioner's failure to reduce her speed when confronted with the sun conditions that morning was a contributing cause of the accident.

Given the record evidence that petitioner had a sufficient amount of time and distance between the onset of sun-impaired vision and the slow moving school bus ahead to reduce her speed to adjust to such condition, there is a sufficient basis for the determination that she violated Vehicle and Traffic Law § 1180 (e) (*see generally, Matter of Cardinal v Tofany*, 36 AD2d 1000; *Matter of Alexander v Tofany*, 29 AD2d 1015; *Matter of Kmiecik v Hults*, 9 AD2d 1010). Accordingly, we decline to disturb it.

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.